## APPEAL OF CALUMET CO.

Docket No. 3232. Submitted June 29, 1925. Decided October 19, 1925.

1. Where prohibition legislation is claimed to have rendered obsolescent saloon licenses acquired by taxpayer both prior and subsequent to March 1, 1913, the taxpayer must prove not only the value of such licenses on March 1, 1913, in the one case, and on the date of acquisition, in the other, but also that such licenses continued in effect and had value when the Prohibition Law was enacted.

2. Deductions for obsolescence of saloon licenses purchased after March 1, 1913, will not be allowed in the absence of evidence from which the Board may determine whether the purchases constituted capital expenditures or ordinary expenses.

*Roger O'Donnell, Esq.*, for the taxpayer.
*B. G. Simpich, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits taxes for the years 1918 and 1919 in the amounts, respectively, of $856.63 and $4,500.87. The taxpayer alleges error on the part of the Commissioner on account of his refusal to allow as deductions from income in the years in question certain amounts of alleged obsolescence of saloon licenses, alleged to have been purchased by the taxpayer, owned by it during the taxable years in question, and rendered obsolete as a result of prohibition legislation.

### FINDINGS OF FACT.

The taxpayer is an Illinois corporation with its principal office in Chicago. Continuously from some time prior to March 1, 1913, the taxpayer was engaged in the business of operating a brewery and selling beer. Prior to March 1, 1913, it had purchased 58 saloon licenses, and subsequent to March 1, 1913, it purchased two such licenses at a cost of $2,673. The amount so paid was exclusive of the regular annual license payable to the City of Chicago in the amount of $1,000.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

JAMES: When this appeal was called for hearing, the representative of the taxpayer failed to appear, but made a telephone request to the secretary of the Board for permission to file a brief. Upon an examination of the petition it appeared that the major portion of the allegations of fact were denied, and the representative of the

taxpayer was given an opportunity to appear and be heard. Upon his appearance he was advised that it appeared from the petition and answer that his allegations as to the value of licenses held on March 1, 1913, were denied, and that that fact appeared to be a material question of fact in the appeal. In response to that statement, he replied that the March 1, 1913, value was a question of law, that he had no evidence to submit, would rest upon the pleadings, but desired to file a brief. This he was permitted to do.

The petition alleges that the taxpayer had on March 1, 1913, 58 licenses of a value of $116,000. The answer admits that the taxpayer, prior to March 1, 1913, had purchased 58 licenses, but denies their value. In the petition the taxpayer alleges the purchase of two licenses subsequent to March 1, 1913, which purchase and the amount thereof, the Commissioner admits.

It is apparent from the foregoing statement that the taxpayer and its representative have completely misconceived the nature of the issue before this Board. The only facts before the Board are that prior to March 1, 1913, the taxpayer acquired 58 licenses, neither the cost nor value of which is proved, and that the taxpayer after March 1, 1913, paid $2,673 for two saloon licenses. It does not appear that these licenses continued in force up to and including prohibition legislation, nor, indeed, does it appear that the 58 licenses which the taxpayer had on March 1, 1913, and which had cost the taxpayer something prior to that date, continued in effect until prohibition legislation. The taxpayer claims, but the Commissioner does not admit, that the expenditures for licenses after March 1, 1913, and the value of licenses held as of that date, constituted a valuable asset which the taxpayer was entitled to recover by a deduction from income through obsolescence upon the taking effect of prohibition legislation. It is apparent that even as to the item of two saloon licenses purchased after March 1, 1913, there are not sufficient facts before the Board to enable it to determine whether the expenditure then made was in the nature of a capital expenditure or an ordinary expense, as it was held to be by the Commissioner. Upon this state of the record, the determination of the Commissioner must be approved.